Eastern District of Kentucky
FILED

AUG 2 0 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 26-89-SCM-MAS

**JAMES TAYLOR**

* * * * *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**21 U.S.C. § 841(a)(1)**

On or about February 18, 2026, in Fayette County, in the Eastern District of Kentucky,

**JAMES TAYLOR**

did knowingly and intentionally distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 2**
**21 U.S.C. § 841(a)(1)**

On or about February 26, 2026, in Fayette County, in the Eastern District of Kentucky,

**JAMES TAYLOR**

did knowingly and intentionally distribute 50 grams or more of methamphetamine, a

Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 3**
**21 U.S.C. § 841(a)(1)**

On or about March 4, 2026, in Fayette County, in the Eastern District of Kentucky,

**JAMES TAYLOR**

did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**FORFEITURE ALLEGATION**
**21 U.S.C. § 853**

1. By virtue of the commission of the felony offenses alleged in the Indictment, **JAMES TAYLOR** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **JAMES TAYLOR** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

[redacted]

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

AMANDA P. MORGAN
ASSISTANT UNITED STATES ATTORNEY

## PENALTIES

| | |
|---|---|
| **COUNTS 1 & 2:** | Not less than 10 years and not more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release. |
| **COUNT 3:** | Not less than 5 years and not more than 40 years imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release. |
| **PLUS:** | Forfeiture. |
| **PLUS:** | Mandatory special assessment of $100 per count. |
| **PLUS:** | Restitution, if applicable. |